**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM MICHAEL MUNDY,

            Plaintiff,              Case No. 19-12835

v.                                   HON. MARK A. GOLDSMITH

STATE OF MICHIGAN,

            Respondent.
_____/

## OPINION & ORDER
## DENYING MOTIONS FOR RELIEF FROM JUDGMENT (Dkt. 5) AND FOR WAIVER OF FEES AND COSTS (Dkt. 6) AND SUMMARILY DISMISSING CASE

Petitioner William Michael Mundy, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed an independent motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3) and (4), and for want of subject-matter jurisdiction pursuant to Rule 12(b)(1), (2), (4) and (5). In his pro se motion, Mundy challenges his 1988 criminal conviction for second-degree murder in Recorders Court, Detroit, Michigan. Mundy asserts that he is unlawfully imprisoned by the State of Michigan in violation of his constitutional rights and 18 U.S.C. § 241, conspiracy against rights. Mundy filed a duplicate of his motion for relief from judgment two months after the first was filed (Dkt. 5). He also filed a motion for waiver of fees and costs (Dkt. 6), after having been granted in forma pauperis status (Dkt. 3).

Mundy's original motion was incorrectly docketed as a petition for habeas corpus. For the reasons stated below, the motion for relief from judgment will not be converted to a habeas petition and will be dismissed without prejudice. Mundy's other motions will be denied.

I.   BACKGROUND

Mundy is serving a life sentence on a conviction for second-degree murder. Mot. at 1 (Dkt. 1). Petitioner filed a direct appeal in the Michigan courts and was denied relief. See People v. Mundy, 478 N.W.2d 460 (Mich. 1991). The Court has not found, and Mundy does not state, whether he sought collateral relief in the state courts. A search of federal court records indicates that he has not previously filed a petition for a writ of habeas corpus.[1]

Petitioner's recitation of actions he has taken to challenge his conviction include a 1997 letter to the chief judge in Detroit disputing jurisdiction, multiple motions for transcripts between 2003 and 2006, and an undated affidavit filing at the Michigan Supreme Court contesting his arrest. Mot. at 2-4. He states that the State of Michigan retaliated against him by filing false charges, confiscating his typewriter, placing him in administrative segregation, confiscating his legal documents, and destroying his trial transcripts. Id. at 2.

Mundy now asks this Court to vacate his conviction, alleging that the trial court was without subject-matter jurisdiction. Mot. at 17. He claims jurisdiction is lacking because the charging bind-over document from state district court to the Recorders Court was unsigned, and because the complaint/information's citation of Michigan Compiled Law 750.317 as "MCL 750317" renders the statute invalid. Id. at 2-4, 7, 11. Mundy also alleges the State of Michigan, the Recorders Court judge, and the court clerk conspired to forge the missing signatures, causing "fraud upon the court." Id. at 3.

---

[1] The Court may take judicial notice of entries from its docket or another court's, although it may not credit disputable facts therein as evidence. See In re Omnicare, Inc. Sec. Litig., 769 F.3d 455, 468 (6th Cir. 2014).

## II. DISCUSSION

When a state prisoner challenges the very fact or duration of his physical imprisonment and seeks a determination that he is entitled to release from that imprisonment, the sole federal remedy is a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a habeas petitioner to attempt to have his criminal conviction set aside. See United States v. Pope, 124 F. App'x 680, 682 (2d Cir. 2005). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." Id. (quoting Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004)). In this case, a Rule 60(b) motion is not appropriate, because Petitioner is not seeking to set aside a denial of habeas relief, since he never sought such relief in the form of a petition for writ of habeas corpus. Id. A review of Petitioner's motion for relief from judgment shows that he is challenging the validity of his state court criminal convictions and that he seeks to have these convictions vacated or set aside. Petitioner's sole federal remedy to challenge his state court convictions is by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

When a pro se prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, it should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. See Staples v. Casperson, 6 F. App'x 481, 483-484 (7th Cir. 2001). Thus, rather than re-characterizing Petitioner's motion as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that he may wish to file in the future. See Martin v. Overton, 391 F.3d 710, 713-714 (6th Cir. 2004) (holding that the district court should have dismissed the

habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner); see also Warren v. Miller, No. 1:05-CV-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (dismissing without prejudice a petition for writ of habeas corpus brought by state prisoner under § 2241, rather than converting it to a petition under § 2254).

Finally, Petitioner does not cite, and this Court has not found, any authority that recognizes an independent action under Rule 12(b). Accordingly, Petitioner is not entitled to relief under Rule 12(b).

Based upon the foregoing, Petitioner's motion for relief from judgment (Dkt. 1) is dismissed without prejudice. Petitioner's second motion for relief from judgment (Dkt. 5) is denied. Petitioner's motion for waiver of fees and costs (Dkt. 6) is denied.

It is further ordered that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). If Petitioner elects to appeal this decision, he may not proceed in forma pauperis.

SO ORDERED.

Dated: April 6, 2020         s/Mark A. Goldsmith
   Detroit, Michigan       MARK A. GOLDSMITH
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2020.

                                                      s/Karri Sandusky
                                                      Case Manager